J-S03017-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| DIANA BROWN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PAUL BROWN | : | |
| | : | |
| Appellant | : | No. 2426 EDA 2018 |

Appeal from the Decree Entered June 29, 2018
In the Court of Common Pleas of Monroe County
Civil Division at No(s):  No. 8963-CV-2017,
No. 971-DR-2014

BEFORE:  BENDER, P.J.E., OLSON, J., and MUSMANNO, J.

JUDGMENT ORDER BY OLSON, J.:           **FILED FEBRUARY 01, 2019**

Paul Brown ("Husband") appeals *pro se* from the decree entered on June 29, 2018 dissolving the matrimonial bond between Husband and Diana Brown ("Wife").  We vacate and remand for further proceedings.

As our resolution of this appeal is based on the procedural posture of this case, we decline to set forth the factual background.  On November 30, 2017, Wife filed a complaint in divorce seeking a divorce pursuant to 23 Pa.C.S.A. § 3301(c) and (d).  Wife served Husband with an irretrievably broken affidavit.  Instead of filing a counter-affidavit with the trial court, Husband sent a counter-affidavit to Wife's counsel on two occasions.  On the second occasion, Husband also served Wife's counsel with a copy of preliminary objections he filed with the trial court.  After the trial court overruled those preliminary objections, Husband filed a second set of

preliminary objections. Wife filed a "motion to dismiss" those preliminary objections and the trial court dismissed Husband's preliminary objections.

Husband never filed the counter-affidavit with the trial court nor did he file an answer to the complaint in divorce, so Wife filed a praecipe to transmit the record. On June 29, 2018, the trial court entered a decree dissolving the parties' matrimonial bond. This timely appeal followed.[1]

Husband presents one issue for our review:

> Whether the trial court erred in granting [Wife a] divorce [without a hearing]?

Husband's Brief at v (certain capitalization omitted).

Generally, we review a trial court's decision to enter a divorce decree *de novo* and our scope of review is plenary. *See Frey v. Frey*, 821 A.2d 623, 627 (Pa. Super. 2003) (citations omitted). The Divorce Code provides that:

> The court may grant a divorce where a complaint has been filed alleging that the marriage is irretrievably broken and an affidavit has been filed alleging that the parties have lived separate and apart for a period of at least one year and that the marriage is irretrievably broken and the defendant either:
>
> (i) Does not deny the allegations set forth in the affidavit.
>
> (ii) Denies one or more of the allegations set forth in the affidavit but, after notice and hearing, the court determines that the parties have lived separate and apart for a period of at least one year and that the marriage is irretrievably broken.

23 Pa.C.S.A. § 3301(d)(1).

---

[1] Husband and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

In this case, Husband, Wife, and the trial court all agree that Husband denied one or more allegations in Wife's affidavit via his preliminary objections. Therefore, they all agree that the trial court erred by not holding a hearing pursuant to section 3301(d)(1)(ii) to determine if the marriage were irretrievably broken and, if so, the date of separation. We agree. A hearing was necessary to determine these matters because Husband denied one or more allegations in Wife's affidavit. Accordingly, we vacate the divorce decree and remand for further proceedings consistent with this judgment order.

Decree vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/1/19